```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
    DIVISION OF ST. THOMAS AND ST. JOHN


AKEEM R. GUMBS,               )
                              )
          Plaintiff,          )
                              )  Civ. No. 18-22
v.                            )
                              )
LOUIS PENN, JR.,              )
                              )
          Defendant.          )
_____)
```

**ATTORNEYS:**

**Akeem R. Gumbs**
    *Pro se.*


## ORDER

**GÓMEZ, J.**

Before the Court is the report and recommendation of the Magistrate Judge addressing the complaint of Akeem Gumbs.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 2, 2011, a thirty-one-count indictment was filed against Akeem Gumbs ("Gumbs"). Counts One through Five allege production of child pornography, in violation of federal law. Count Six alleges possession of child pornography, in violation of federal law. Counts Seven through Thirty One allege aggravated rape in the first degree, in violation of Virgin

Islands law. (The June 2, 2011, criminal matter is referred to as the "pornography case.")

On February 14, 2012, a jury found Gumbs guilty of all counts.

On September 6, 2012, the Court sentenced Gumbs to the following terms of imprisonment: 300 months on the production of child pornography charges; 120 months on the possession of child pornography charges; and 20 years on the rape charges. All terms of incarceration were to be served concurrently.

On October 29, 2012, the Court entered a judgment of acquittal on Counts Seven, Twenty Nine, and Thirty.

On March 28, 2014, the Third Circuit affirmed Gumbs's conviction. *See United States v. Gumbs*, 562 F. App'x 110 (3d Cir. 2014).

On January 15, 2015, Gumbs filed a motion pursuant to 28 U.S.C. § 2255 (the "first 2255 petition") to vacate his conviction in the pornography case. The Court subsequently denied that motion. *See United States v. Gumbs*, No. CR 2011-21, 2017 WL 665191 (D.V.I. Feb. 18, 2017), *certificate of appealability denied*, No. CV 17-1608, 2017 WL 4216572 (3d Cir. June 26, 2017), *cert. denied*, 138 S. Ct. 432, 199 L. Ed. 2d 319 (2017).

On April 19, 2016, Gumbs filed a complaint against Louis Penn, Jr. ("Penn"), a Special Agent with the Department of Homeland Security, alleging a violation under 42 U.S.C. § 1983 (the "first 1983 action"). *See* Complaint, *Gumbs v. Penn*, No. CV 2016-30, ECF No. 1. Gumbs claimed that Penn violated Gumbs's Sixth Amendment rights. Gumbs asserted that Penn obtained a search warrant in the pornography case that failed to inform Gumbs of the date of Gumbs's alleged crime of production of child pornography. Gumbs sought damages from Penn for loss of employment and for past and future lost earnings.

On March 24, 2017, the Court dismissed the first 1983 action, finding that Gumbs had failed to state a claim. *Gumbs v. Penn*, No. CV 2016-30, 2017 WL 1115161 (D.V.I. Mar. 24, 2017), *appeal dismissed*, 691 F. App'x 57 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 481, 199 L. Ed. 2d 367 (2017). Gumbs appealed.

On June 28, 2017, the Third Circuit dismissed the appeal of the dismissal of the first 1983 action. The Third Circuit held that the appeal was "frivolous because it lacks an arguable basis either in law or in fact." *Gumbs v. Penn*, 691 F. App'x 57, 58 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 481, 199 L. Ed. 2d 367 (2017) (internal quotation marks and citations omitted).

On April 24, 2018, Gumbs filed a complaint against Penn alleging a violation under 42 U.S.C. § 1983 (the "second 1983

action"). *See* Complaint, ECF No. 1. In the second 1983 action, Gumbs asserts that a complaint in the pornography case was defective because Penn omitted the date of Gumbs's alleged crime of production of child pornography. *Id.* at 3. Gumbs again seeks damages from Penn for loss of employment and for past and future lost earnings. *Id.*

On February 12, 2019, the Magistrate Judge issued a report and recommendation.

On February 28, 2019, Gumbs filed a motion for an extension of time to file an objection to the report and recommendation. Gumbs requested an extension through March 31, 2019.

## II. DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

As Gumbs has not had a full opportunity to object to the report and recommendation, the Court will review the report and recommendation *de novo*.

Gumbs alleges that the complaint in the pornography case failed to specify the date of Gumbs's offense. Gumbs argues that this omission violates his Sixth Amendment right to "be informed of the nature and cause of the accusation." *See* Complaint at 3, ECF No. 1.

The Prison Litigation Reform Act ("PLRA") directs the court to screen a complaint in which a prisoner seeks redress against a governmental employee for cognizable claims and to *sua sponte* dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A "accord[] judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Having undertaken a screening of the second 1983 action, the Court finds that its continued viability is in doubt. Indeed, Gumbs's core argument that a defect in a complaint

warrants relief is confounded by a well-established legal axiom that a grand jury indictment remedies any defect in a complaint and arrest warrant. *Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972)(citing *Tanner v. United States*, 296 F.2d 218 (10th Cir. 1961))(noting that Denton's challenge to the complaint and arrest warrant was foreclosed because "the grand jury indictment of Denton following his arrest remedied any defect in the complaint and arrest warrant"). Gumbs's criminal prosecution in the pornography case proceeded under a grand jury indictment returned on June 2, 2011. This Court previously found that indictment to be constitutionally sufficient. *See United States v. Gumbs*, No. CR 2011-21, 2017 WL 665191, at *4 (D.V.I. Feb. 18, 2017), *certificate of appealability denied*, No. CV 17-1608, 2017 WL 4216572 (3d Cir. June 26, 2017), *cert. denied*, 138 S. Ct. 432, 199 L. Ed. 2d 319 (2017). Thus, to the extent there was an omission in Gumbs's complaint in the pornography case, that deficiency was remedied by a grand jury indictment in that case. Indeed, the claim advanced by Gumbs in the second 1983 action is based on an indisputably meritless legal basis. Accordingly the Court will dismiss the instant second 1983 action.

Finally, the "three strikes" provision of the PLRA restricts prisoners' ability to bring civil actions or appeals

after they have brought three civil actions or appeals that have been dismissed on the ground that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see Byrd v. Shannon*, 715 F.3d 117, 124 (3d Cir. 2013)(holding that "strikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding IFP"). In its opinion dismissing Gumbs's appeal in the first 1983 action, the Third Circuit found that Gumbs had accrued two strikes upon the dismissal of that appeal. *See* 691 F. App'x at 59 (finding that "[t]he District Court's dismissal of Gumbs's complaint for failure to state a claim counts as a strike under this provision, and our dismissal of this appeal as frivolous counts as a strike as well"). Because the Court dismisses this action as frivolous, the Court find that Gumbs has accrued his third strike.

Thus, upon *de novo* review of the record, the Court agrees with the Magistrate Judge.

The premises considered, it is hereby

**ORDERED** that the Magistrate Judge's report and recommendation is **ADOPTED**; it is further

**ORDERED** that the complaint of Gumbs is **DISMISSED**; and it is further

**ORDERED** that Gumbs is **DEEMED** to have accrued a third strike pursuant to 28 U.S.C. § 1915(g), thereby precluding him from bringing a civil action, or appealing a judgment in a civil action, unless he is under imminent danger of serious physical injury.

                          **S\_____**

                              **Curtis V. Gómez**
                              **District Judge**