```
     IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
          DIVISION OF ST. THOMAS AND ST. JOHN

AKEEM R. GUMBS,              )
                             )
          Plaintiff,         )
                             )   Civ. No. 18-22
v.                           )
                             )
LOUIS PENN, JR.,             )
                             )
          Defendant.         )
_____)
```

**ATTORNEYS:**

**Akeem R. Gumbs**
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court are the several motions of Akeem Gumbs seeking relief pursuant to Federal Rule of Civil Procedure 60(b) from this Court's March 15, 2019, order.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 2, 2011, the Grand Jury returned a thirty-one-count indictment against Akeem Gumbs ("Gumbs"). Counts One through Five alleged production of child pornography, in violation of federal law. Count Six alleged possession of child pornography, in violation of federal law. Counts Seven through Thirty One alleged aggravated rape in the first degree, in violation of Virgin Islands law. (The June 2, 2011, criminal matter is referred to as the "pornography case.")

On February 14, 2012, a jury found Gumbs guilty of all counts.

On September 6, 2012, the Court sentenced Gumbs to the following terms of imprisonment: 300 months on the production of child pornography charges; 120 months on the possession of child pornography charges; and 20 years on the rape charges. All terms of incarceration were to be served concurrently.

On October 29, 2012, the Court entered a judgment of acquittal on Counts Seven, Twenty Nine, and Thirty.

On March 28, 2014, the Third Circuit affirmed Gumbs's conviction. *See United States v. Gumbs*, 562 F. App'x 110 (3d Cir. 2014).

On January 15, 2015, Gumbs filed a motion pursuant to 28 U.S.C. § 2255 (the "first 2255 petition") to vacate his conviction in the pornography case. The Court subsequently denied that motion. *See United States v. Gumbs*, No. CR 2011-21, 2017 WL 665191 (D.V.I. Feb. 18, 2017), *certificate of appealability denied*, No. CV 17-1608, 2017 WL 4216572 (3d Cir. June 26, 2017), *cert. denied*, 138 S. Ct. 432, 199 L. Ed. 2d 319 (2017).

On April 19, 2016, Gumbs filed a complaint against Louis Penn, Jr. ("Penn"), a Special Agent with the Department of Homeland Security, alleging a violation under 42 U.S.C. § 1983

(the "first 1983 action"). *See* Complaint, *Gumbs v. Penn*, No. CV 2016-30, ECF No. 1. Gumbs claimed that Penn violated Gumbs's Sixth Amendment rights. Gumbs asserted that Penn obtained a search warrant in the pornography case that failed to inform Gumbs of the date of Gumbs's alleged crime of production of child pornography. Gumbs sought damages from Penn for loss of employment and for past and future lost earnings.

On March 24, 2017, the Court dismissed the first 1983 action, finding that Gumbs had failed to state a claim. *Gumbs v. Penn*, No. CV 2016-30, 2017 WL 1115161 (D.V.I. Mar. 24, 2017), *appeal dismissed*, 691 F. App'x 57 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 481, 199 L. Ed. 2d 367 (2017). Gumbs appealed.

On June 28, 2017, the Third Circuit dismissed the appeal of the dismissal of the first 1983 action. The Third Circuit held that the appeal was "frivolous because it lacks an arguable basis either in law or in fact." *Gumbs v. Penn*, 691 F. App'x 57, 58 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 481, 199 L. Ed. 2d 367 (2017) (internal quotation marks and citations omitted).

On April 24, 2018, Gumbs filed a complaint against Penn alleging a violation under 42 U.S.C. § 1983 (the "second 1983 action"). *See* Complaint, ECF No. 1. In the second 1983 action, Gumbs asserts that a complaint in the pornography case was defective because Penn omitted the date of Gumbs's alleged crime

of production of child pornography. *Id.* at 3. Gumbs again seeks damages from Penn for loss of employment and for past and future lost earnings. *Id.*

On February 12, 2019, the Magistrate Judge issued a report and recommendation.

On March 15, 2019, after a *de novo* review of the report and recommendation, this Court entered an order adopting the report and recommendation. That order dismissed the 1983 action and deemed Gumbs to have accrued a third strike pursuant to 28 U.S.C. § 1915(g).

On March 21, 2019, Gumbs filed an amended complaint in the second 1983 action.

On April 7, 2019, Gumbs appealed this Court's March 15, 2019, order. Thereafter, on April 17, April 22, April 25, May 28, and August 16, 2019, Gumbs filed several motions seeking relief pursuant to Federal Rule of Civil Procedure 60(b) from this Court's March 15, 2019, order.

## II. DISCUSSION

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528

(2005). Federal Rule of Civil Procedure 60 ("Rule 60") in pertinent part provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (4) the judgment is void;
>
> . . . or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Third Circuit views Rule 60(b) motions as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Oat v. Sewer Enters., Ltd.*, 584 F. App'x 36, 41 (3d Cir. 2014) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)). A movant under Rule 60(b) bears a "heavy burden" to win such "extraordinary relief." *United States v. Meehan*, 600 F. App'x 51, 54 (3d Cir. 2015) (citing *Bohus*, 950 F.2d at 930).

Gumbs make various arguments for relief from the March 15, 2019, order, none of which have any merit.

First, Gumbs argues that the Court prematurely dismissed the second 1983 action because there has been no disposition

of the charge alleged in the complaint in the pornography case. Gumbs's argument has no basis in law or fact. Indeed, after Gumbs was arrested on the complaint, the United States filed an information which was subsequently dismissed after the Grand Jury returned the June 2, 2011, Indictment. Gumbs was convicted on that Indictment.

Gumbs also argues that the Court should provide him relief from the March 15, 2019, order because the Court did not consider his March 21, 2019, amended complaint. Significantly, the allegations in Gumbs's amended complaint are not materially different from those in the initial complaint. Indeed, nothing in that amended complaint convinces the Court that it should disturb its *de novo* findings.

The premises considered, it is hereby

**ORDERED** that the several motions of Gumbs for relief under Federal Rule of Civil Procedure 60(b), ECF Nos. 16, 19, 21, 25, and 27, are **DENIED**.

S\_____

**Curtis V. Gómez**
**District Judge**