IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

AKEEM R. GUMBS,                          )
                                         )
                    Plaintiff,           )
                                         )      Case No. 3:18-cv-0022
v.                                       )
                                         )
LOUIS PENN, JR.,                         )
                                         )
                    Defendant.           )
_____  )

APPEARANCES:

**Akeem R. Gumbs**
     *Pro se.*

## ORDER

**BEFORE THE COURT** are the several motions of Akeem Gumbs seeking relief pursuant to Federal Rule of Civil Procedure 60(b) from this Court's March 15, 2019 order. (ECF Nos. 35 and 37.) Also before the Court are the motions of Akeem Gumbs seeking to terminate the employment of District Judge Curtis V. Gomez and Magistrate Judge Ruth Miller. (ECF Nos. 40 and 42.) For the reasons outlined below, the Court will deny each motion.

### I.   FACTUAL AND PROCEDURAL HISTORY

On June 2, 2011, the Grand Jury returned a thirty-one-count indictment against Akeem Gumbs ("Gumbs"). Counts One through Five alleged production of child pornography, in violation of federal law. Count Six alleged possession of child pornography, in violation of federal law. Counts Seven through Thirty One alleged aggravated rape in the first degree, in violation of Virgin Islands law. (The June 2, 2011 criminal matter is referred to as the "pornography case.")

On February 14, 2012, a jury found Gumbs guilty of all counts.

On September 6, 2012, the Court[1] sentenced Gumbs to the following terms of imprisonment: 300 months on the production of child pornography charges; 120 months on

---

[1] District Judge Curtis Gomez presided over the trial, sentencing, and post-judgment proceedings in this matter. On June 16, 2020, this matter was reassigned from Judge Gomez to the undersigned.

the possession of child pornography charges; and 20 years on the rape charges. All terms of incarceration were to be served concurrently.

On October 29, 2012, the Court entered a judgment of acquittal on Counts Seven, Twenty Nine, and Thirty.

On March 28, 2014, the Third Circuit affirmed Gumbs's conviction. *See United States v. Gumbs*, 562 F. App'x 110 (3d Cir. 2014).

On January 15, 2015, Gumbs filed a motion pursuant to 28 U.S.C. § 2255 (the "first 2255 petition") to vacate his conviction in the pornography case. The Court subsequently denied that motion. *See United States v. Gumbs*, No. CR 2011-21, 2017 WL 665191 (D.V.I. Feb. 18, 2017), *certificate of appealability denied*, No. CV 17-1608, 2017 WL 4216572 (3d Cir. June 26, 2017), *cert. denied*, 138 S. Ct. 432, 199 L. Ed. 2d 319 (2017).

On April 19, 2016, Gumbs filed a complaint against Louis Penn, Jr. ("Penn"), a Special Agent with the Department of Homeland Security, alleging a violation under 42 U.S.C. § 1983 (the "first 1983 action"). *See* Complaint, *Gumbs v. Penn*, No. CV 2016-30, ECF No. 1. Gumbs claimed that Penn violated Gumbs's Sixth Amendment rights. Gumbs asserted that Penn obtained a search warrant in the pornography case that failed to inform Gumbs of the date of Gumbs's alleged crime of production of child pornography. Gumbs sought damages from Penn for loss of employment and for past and future lost earnings.

On March 24, 2017, the Court dismissed the first 1983 action, finding that Gumbs had failed to state a claim. *Gumbs v. Penn*, No. CV 2016-30, 2017 WL 1115161 (D.V.I. Mar. 24, 2017), *appeal dismissed*, 691 F. App'x 57 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 481, 199 L. Ed. 2d 367 (2017). Gumbs appealed.

On June 28, 2017, the Third Circuit dismissed the appeal of the dismissal of the first 1983 action. The Third Circuit held that the appeal was "frivolous because it lacks an arguable basis either in law or in fact." *Gumbs v. Penn*, 691 F. App'x 57, 58 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 481, 199 L. Ed. 2d 367 (2017) (internal quotation marks and citations omitted).

On April 24, 2018, Gumbs filed a complaint against Penn alleging a violation under 42 U.S.C. § 1983 (the "second 1983 action"). *See* Complaint, ECF No. 1. In the second 1983 action,

Gumbs asserts that a complaint in the pornography case was defective because Penn omitted the date of Gumbs's alleged crime of production of child pornography. *Id.* at 3. Gumbs again seeks damages from Penn for loss of employment and for past and future lost earnings. *Id.*

On February 12, 2019, the Magistrate Judge issued a report and recommendation.

On March 15, 2019, after a *de novo* review of the report and recommendation, the Court entered an order adopting the report and recommendation. That order dismissed the 1983 action and deemed Gumbs to have accrued a third strike pursuant to 28 U.S.C. § 1915(g).

On April 7, 2019, Gumbs appealed this Court's March 15, 2019 order. Thereafter, on April 17, April 22, April 25, May 28, and August 16, 2019, Gumbs filed several motions seeking relief pursuant to Federal Rule of Civil Procedure 60(b) from this Court's March 15, 2019 order. On December 4, 2019, the Court denied those motions as meritless.

Thereafter, on January 21, 2020, and June 16, 2020, Gumbs again filed motions seeking relief pursuant to Federal Rule of Civil Procedure 60(b). (ECF Nos. 35 and 37.) Gumbs also filed motions seeking to terminate the employment of District Judge Curtis V. Gomez and Magistrate Judge Ruth Miller on July 6, 2020, and August 11, 2020, respectively. (ECF Nos. 40 and 42.)

On October 15, 2020, the Third Circuit dismissed Gumbs's appeal of this Court's March 15, 2019 order for failure to pay the requisite filing fee.

## II.    DISCUSSION

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Federal Rule of Civil Procedure 60 ("Rule 60") in pertinent part provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>
>     . . .
>
>     (4) the judgment is void;
>
>     . . . or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Third Circuit views Rule 60(b) motions as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Oat v. Sewer Enters., Ltd.*, 584 F. App'x 36, 41 (3d Cir. 2014) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)). A movant under Rule 60(b) bears a "heavy burden" to win such "extraordinary relief." *United States v. Meehan*, 600 F. App'x 51, 54 (3d Cir. 2015) (citing *Bohus*, 950 F.2d at 930).

Gumbs makes various arguments for Rule 60 relief from the March 15, 2019 order, none of which have any merit. Indeed, Gumbs simply repeats arguments that this Court rejected in its December 4, 2019 order. These arguments are frivolous. As such, the Court will deny Gumbs's motions seeking relief pursuant to Federal Rule of Civil Procedure 60(b) for the same reasons articulated in the Court's March 15, 2019 and December 4, 2019 orders.

Moreover, the Court is unaware of any authority that permits a litigant to seek the termination of a district judge's or magistrate judge's employment. As such, the Court will deny Gumbs's motions seeking to terminate the employment of District Judge Curtis V. Gomez and Magistrate Judge Ruth Miller as meritless.

The premises considered, it is hereby

**ORDERED** that the motions of Gumbs for relief under Federal Rule of Civil Procedure 60(b), ECF Nos. 35 and 37, are **DENIED**; and it is further

**ORDERED** that the motions of Gumbs seeking to terminate the employment of a district judge and magistrate judge, ECF Nos. 40 and 42, are **DENIED**.

**Dated:** March 30, 2021                    */s/ Robert A. Molloy*
                                             **ROBERT A. MOLLOY**
                                             **District Judge**